418 S.E.2d 764

**Lafayette BOGGS, Jr., James S. Glover, Willard Pauley, James L. Brothers, and Elma White, Petitioners,**

v.

**Andrew N. RICHARDSON, Workers' Compensation Commissioner, Respondent.**

No. 20280.

Supreme Court of Appeals of West Virginia.

Submitted April 8, 1992.

Decided June 11, 1992.

---

Scott S. Segal, Jeffrey V. Mehalic, Hostler and Segal, Charleston, for petitioners.

Mario J. Palumbo, C. Terry Owen, Robert M. Nunley, Office of Atty. Gen., Charleston, for respondent.

PER CURIAM:

In this original proceeding in mandamus, the petitioner, James Glover, seeks to compel the respondent, Andrew Richardson, Commissioner of the West Virginia Workers' Compensation Fund, to pay petitioner, as executor of decedent Charles S. Glover's estate, $144,098.75. Petitioner also seeks attorney's fees and costs. Petitioner contends that the amount claimed is owed petitioner by virtue of respondent's underpayment of monies owed the decedent prior to decedent's death. We agree.

Decedent worked as a union pipefitter for thirty-three years, retiring in 1976. Decedent subsequently filed an application for workers' compensation benefits based upon his disability due to occupational pneumoconiosis (OP). The respondent granted decedent a permanent total disability (PTD) award based upon the decedent's OP disability in an order dated January 19, 1990. Benefits were made payable from the decedent's date of last exposure, December 19, 1976. The respondent issued a lump-sum payment to the decedent to compensate decedent for benefits owed to the decedent for the period December 19, 1976 through February 28, 1990. The respondent calculated the amount of the award owed him at the minimum benefit rate, when in fact the decedent was entitled to compensation at the maximum benefit rate.[1]

By letter dated July 17, 1990, decedent's counsel informed the Workers' Compensation Fund that decedent was entitled to compensation at the maximum benefit rate, and requested that the amount underpaid be remitted to the decedent. The Workers' Compensation Fund did not respond to the July 17, 1990 letter of decedent's counsel.

During the time period following the order granting PTD and the lump-sum payment, decedent received monthly benefits at the minimum benefit rate. In fact, decedent was entitled to monthly benefits at the maximum benefit rate. On June 11, 1991, decedent died. Neither decedent nor decedent's counsel had received any response to their request for payment at the maximum benefit rate, made over ten months earlier, prior to decedent's death.

On June 24, 1991, the petitioner, on behalf of the decedent's estate, filed this petition for a writ of mandamus with this Court. On that date, petitioner's counsel (previously decedent's counsel) also filed four other petitions for writs of mandamus against the respondent on behalf of four other workers' compensation claimants. All five petitioners alleged similar facts: that the respondent had paid them PTD benefits at the minimum benefit rate when petitioners were entitled to benefits at the maximum benefit rate. Of the five petitioners, three were the original claimants in their respective claims with the Workers' Compensation Fund. Two petitioners, including the petitioner herein, petitioned this Court on behalf of the estates of deceased claimants. On July 3, 1991, we issued a rule to show cause and ordered the appearance of the respondent to demonstrate why the writs should not be awarded.

The show cause hearing was set for September 10, 1991. The matter was submitted on the briefs of the parties without oral argument. This Court delayed a decision in the matter when advised by petitioners' counsel that the matter would likely be dismissed because the respondent indicated a willingness to settle the five cases.

When no settlement had been reached six months later, counsel for petitioners re-

---

**1.** It should be noted that although the record before us is incomplete, counsel for petitioner has submitted a detailed brief elaborating on the facts of this case. The respondent concurs with that statement of facts. In the opening of respondent's brief, counsel for respondent states: "Respondent substantially agrees with the Statement of Facts as set forth in the original Petition for Writ of Mandamus[.]"

quested that the five consolidated petitions be redocketed for a show cause hearing by motion filed March 3, 1992. A show cause hearing was set for April 8, 1992.

On March 24, 1992, the respondent agreed to and furnished the relief requested by the four other petitioners, but not to the relief requested by the petitioner herein. The respondent readily acknowledges that the petitioner suffered an underpayment of benefits before his death, but contends that no party exists to which reimbursement can be made. Although the respondent agreed to pay a co-petitioner, James L. Brothers, executor of the estate of Alicetine Brothers, deceased dependent of Josiah T. Brothers, deceased, the amount underpaid to Mrs. Brothers before her death, the respondent nonetheless argues that, by virtue of *W.Va. Code*, 23–4–6(*l*) [1990], no unpaid compensation payable to decedent at the time of his death may be paid after decedent's death.[2]

█ In syllabus point 1 of *Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983), we stated the three elements that must coexist before a writ of mandamus will issue:

'Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; (3) the absence of another adequate remedy at law.' Syllabus Point 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981).

█ In this case the relief sought by the petitioner is the amount underpaid to the decedent, and reasonable attorney's fees and costs. The respondent does not dispute that decedent was underpaid, but denies that the petitioner has any right to the benefits and denies that he (the respon-

dent) has any legal duty to perform. We agree with the petitioner.

█ The respondent cannot use the language of *W.Va.Code*, 23–4–6(*l*) [1990] as a shield after he delayed any action on decedent's request until after decedent's death. In syllabus point 3 of *Meadows* we stated:

'Long delays in processing claims for [workers] compensation is not consistent with the declared policy of the Legislature to determine the rights of claimants as speedily and expeditiously as possible.' Syllabus Point 1, *Workman v. State Workmen's Compensation Comm'r*, 160 W.Va. 656, 236 S.E.2d 236 (1977).

The respondent failed to act on the decedent's request for over ten months *prior* to decedent's death and now attempts to use his death to forego payment that the respondent admits was owing to the decedent when he died. The respondent undertook a long delay and failed to determine the rights of the decedent in a speedy and expeditious manner in contravention of the declared policy of the legislature. *See Meadows v. Lewis*, 172 W.Va. 457, 307 S.E.2d 625 (1983); *Workman v. State Workmen's Compensation Comm'r*, 160 W.Va. 656, 236 S.E.2d 236 (1977).

The respondent's argument is also contradictory to his recent agreement to settle the claim of co-petitioner, James L. Brothers. Like the petitioner in this case, Mr. Brothers, as executor of the estate of Alicetine Brothers, sought from the respondent an amount underpaid to his decedent (Alicetine Brothers) prior to her death. Mr. Brothers' counsel, also counsel for petitioner herein, did not inform or request from the respondent the underpayment until after the death of Mr. Brothers' decedent. Nonetheless, the respondent agreed to remit the underpayment to Mr. Brothers, as executor of his decedent's estate. Despite the obvious inconsistency, this same re-

**2.** *W.Va.Code*, 23–4–6–(*l*) [1990] states, in pertinent part:

Compensation, either temporary total or permanent partial, under this section shall be payable only to the injured employee and the right thereto shall not vest in his or her estate, except that any unpaid compensation which would have been paid or payable to the employee up to the time of his or her death, if he or she had lived, shall be paid to the dependents of such injured employee if there be such dependents at the time of death.

spondent refuses to remit the underpayment in the instant claim.

Under the unique facts of this case, we must find for the petitioner. The respondent made a finding of PTD in decedent's claim one and one-half years before decedent's death. Respondent incorrectly undercalculated the rate at which benefits were owed to the decedent. Despite decedent's request that the underpayment be remitted, the respondent declined to act on the request during the ten and one-half months until decedent's death, and now, despite remitting payment in an identical situation, attempts to argue that such death precludes recovery by the decedent's estate.

■ As we stated in syllabus point 4 of *Meadows, supra:* "Mandamus will lie to compel the workers' compensation commissioner to perform nondiscretionary duties." Respondent had a nondiscretionary duty to pay the decedent the amount underpaid before decedent's death. Respondent cannot simply delay making payment until a claimant dies to avoid performance of his nondiscretionary duty. Accordingly, we conclude that under the unique facts of this case, the Commissioner must pay the benefits owed to decedent's estate. Any other result would be inequitable and allow the respondent to abrogate from his responsibilities by delaying payments of benefits owed until after a claimant has died.

■ Petitioner also contends that he is entitled to recover his costs and attorney's fees from respondent incurred as a result of prosecuting this writ. In syllabus point 9 of *Meadows, supra,* we stated:

> Where a claimant for workers' compensation benefits is required to hire an attorney to contest unlawful acts of the commissioner, the claimant should be reimbursed for reasonable attorney fees incurred in vindicating his statutory entitlement to benefits. Reasonable attorney fees are to be paid by the commissioner who fails to comply with statutory duties.

In this case the petitioner-claimant was required to hire an attorney to contest the unlawful act of the respondent Commissioner in denying remittance of the underpayment owed to decedent's estate. Therefore, the claimant should be reimbursed for reasonable attorney fees incurred in vindicating his statutory entitlement to benefits. Such fees are to be paid by the respondent Commissioner.

For the foregoing reasons, we grant a writ of mandamus ordering the respondent to (1) pay petitioner, as executor of the estate of Charles S. Glover, the benefits underpaid and owed to Mr. Glover at the time of his death; and (2) to pay petitioner's attorney's fees incurred in the prosecution of this writ.

Writ granted.